UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Scott N. Rogers

   v.                                               Civil No. 16-cv-388-LM

Warden, Northern New Hampshire
Correctional Facility

**REPORT AND RECOMMENDATION**

Before the court is Scott N. Rogers's petition for writ of habeas corpus (Doc. No. 1) and an addendum to that petition (Doc. No. 7), filed pursuant to 28 U.S.C. § 2254. The matter is here for preliminary review to determine whether the claims raised are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases ("§ 2254 Rules"); LR 4.3(d)(4)(A).

**§ 2254 Rule 4 Standard**

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S.

849, 856 (1994) (citing § 2254 Rule 4)).  The court construes Rogers's pleadings liberally, with due consideration for his pro se status.  See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

**Background**

I. **State Investigation and Prosecution**

In March 2008, the New Hampshire Drug Task Force provided the Bedford Police Department ("BPD") with a recording of a one-party intercept phone conversation between Rogers and a confidential informant ("CI"), in which Rogers and the CI discussed Rogers's involvement in the thefts of new televisions from a hotel under construction in Bedford, New Hampshire.  See State v. Rogers, No. 2010-0515 (N.H. June 11, 2013) ("NHSC Case"), slip op. at 1.  The police conducted a surveillance of the hotel, and based upon information from the surveillance and the one-party intercept recording, the BPD obtained a search warrant for Rogers's apartment.  Id.  The ensuing search yielded three stolen televisions.  Id.

Rogers was indicted by a grand jury in Hillsborough County Superior Court North in June 2008 for receiving stolen property, burglary, and theft by unauthorized taking, relating to the hotel heist.  Rogers was initially represented in the state case by Attorney Maryellen Biletch, but prior to trial in the state

2

case, he moved to represent himself.  The trial court granted that motion and appointed stand-by counsel, Attorney Jorel Booker, to assist Rogers at trial.

Rogers filed several discovery motions pro se in that case, including a request for access to the one-party intercept phone call at issue in the search warrant application.  Id.  The state court held a hearing on those motions on November 10, 2009, at which Rogers appeared pro se.  Attorney Michael Zaino appeared for the state.  See Rogers v. Gerry, No. 13-cv-322-LM (D.N.H.) ("First Federal Habeas Case") (ECF No. 27-7).  Following that hearing, on November 17, 2009, the trial court denied Rogers's request for access to the one-party intercept recording, on the grounds that the State had not disclosed the identity of the informant, and the State neither intended to elicit testimony in support of the warrant nor planned to call the informant to testify at trial.  See Nov. 17, 2009 Order, State v. Rogers, Nos. 09-S-374-78, 08-S-1492-94 (N.H. Super. Ct., Hillsborough Cty. N., Nov. 17, 2009) ("State Criminal Case"), First Federal Habeas Case (ECF No. 22-2, at 44-45).

The state presented evidence at trial that Rogers and Michael Grenon, a carpenter working on the hotel job site, drove to the construction site using Rogers's Jeep, and used Grenon's key to enter the building after hours to take new televisions, which they brought back to Rogers's apartment in Rogers's Jeep.

3

First Federal Habeas Case, 2014 U.S. Dist. LEXIS 167939, 2014 WL 6883086 (D.N.H. Nov. 4, 2014) (ECF No. 39), R&R approved, No. 13-CV-322-LM, 2014 U.S. Dist. LEXIS 167941, 2014 WL 6883086, at *1 (D.N.H. Dec. 4, 2014) (ECF No. 43).  Grenon testified at Rogers's trial that they went to the hotel twice to steal televisions, and that Rogers stayed outside the first time and then entered the building on the second occasion.  See State Criminal Case, Trial Tr. v.1 (N.H. Super., Hillsborough Cnty. N., Mar. 23, 2010), at 68, 80, First Federal Habeas Case (ECF No. 22-7, at 68, 80).  BPD Officer Griswold testified that the search of Rogers's apartment yielded three stolen televisions.  Id., at 99.  Officer Griswold also testified that, when confronted with the fact that three of the televisions were found in his apartment, Rogers told Griswold that the BPD "had him for receiving and not for burglary."  Id.

Rogers did not testify in the March 2010 Superior Court trial, but cross-examined the state's witnesses and called several witnesses of his own, including the person he knew to be the CI, who was neither a witness to, nor a participant in the crime.  The CI testified that he remembered Rogers saying Rogers would "minus" the money the CI owed to Rogers if the CI helped Rogers steal the televisions.  Id. at 130.

The jury convicted Rogers of the charged offenses.  In the July 2010 sentencing in Rogers's state case, in which Attorney

4

David Ruoff entered an appearance on Rogers's behalf, the trial court imposed an aggregate sentence of twenty to sixty years, stand committed, for all three convictions.  That sentence was comprised of a ten to thirty year sentence on the charge of burglary, and two concurrent sentences of ten to thirty years on the charges of receiving stolen property and theft by authorized taking.  The sentencing court directed that the two concurrent sentences be served consecutively to the burglary sentence.  Rogers's long criminal record and recidivism were cited by the state as reasons for recommending a lengthy sentence for Rogers, and the court accepted that recommendation, finding it to be consistent with the pre-sentence investigation report.  See id. (ECF No. 22-9, at 10-11) (Tr. Sent'g) (N.H. Super. Ct., Hillsborough Cty. N., July 1, 2010)).  The New Hampshire Supreme Court ("NHSC") affirmed Rogers's convictions.  See NHSC Case.

## II.  Federal Prosecution

In February 2009, while the state prosecution was pending, a federal grand jury indicted Rogers on drug crimes alleged to have occurred on two dates in January and February 2009.  The pretrial period in the federal prosecution overlapped with the state proceedings on the March 2008 television theft, and the same prosecutor in the state case, Attorney Michael Zaino, appeared as a Special Assistant United States Attorney in the federal prosecution.

Rogers moved to represent himself in the federal criminal case in September 2009, and the court granted that motion. On November 16, 2009, the federal court held a hearing on discovery motions Rogers had filed pro se in that case. Attorney Zaino, appearing on behalf of the United States in that hearing, responded to Rogers's motion to compel the government to produce a "one way" telephone conversation recording between an informant and Rogers. Attorney Zaino stated that he did not believe any of the drug transactions between the informant and the defendant were recorded. Judge Barbadoro then directed Attorney Zaino to double-check his files and to produce to Rogers on that date any recordings of phone conversations containing Rogers's voice. See Tr. Mot. Hr'g, United States v. Rogers, No. 09-cr-45-01-PB (D.N.H. Nov. 16, 2009) ("Federal Prosecution"), at 5, First Federal Habeas Case (ECF No. 36-1, at 5). Judge Barbadoro issued that order on November 16, 2009, one day before the state court denied Rogers's motion to compel production of the March 2008 one-party intercept in the state case. Rogers never received the one-party intercept recording in discovery in either the state or the federal prosecution.

The federal prosecution ended one day after Rogers was sentenced in the state case. Judge Barbadoro granted the United States' assented to motion to dismiss those charges, with prejudice, on July 2, 2010. See July 2, 2010 Order, Federal

Prosecution (granting Motion to Dismiss, ECF No. 50).

### III. Prior Federal Habeas Corpus Petition

Beginning in 2013 and concluding with post-judgment motions filed in 2016, Rogers fully litigated a § 2254 petition previously in the District of New Hampshire challenging the same state convictions and sentences at issue in the instant petition.[1] The court construed that prior § 2254 petition as intending to assert only one claim for federal habeas relief, that the state court's denial of Rogers's motion for access to the recording of the one-party intercept call between Rogers and the CI violated Rogers's right to due process. See Jan. 23, 2014 Order, 2014 DNH 012, First Federal Habeas Case (D.N.H. Jan. 23, 2014) (ECF No. 11-1), slip op. at 3-4. The court noted in that case that the petition listed seven additional federal due process issues, which the court determined did not appear to be intended to state claims for federal habeas relief. The court expressly instructed Rogers, however, that if he intended to include those matters as grounds for relief under § 2254, he could move to amend the petition to add those claims and to

---

[1] Rogers also filed a § 2254 petition in 2012 that the court dismissed, without addressing the merits of any claims, in that Rogers's direct appeal of his conviction remained pending in the NHSC when he filed that § 2254 petition. See Rogers v. New Hampshire, No. 12-cv-324-PB (D.N.H. Oct. 1, 2012) (ECF No. 6), R&R approved, No. 12-cv-324-PB (D.N.H. Jan. 4, 2013) (ECF No. 9).

7

demonstrate that he had exhausted his state remedies as to those issues.  See id. at 4.

Respondent moved for summary judgment on Rogers's prior § 2254 petition, and the district judge granted that motion and denied a certificate of appealability.  See First Federal Habeas Case, 2014 U.S. Dist. LEXIS 167939, 2014 WL 6883086 (D.N.H. Nov. 4, 2014), R&R approved, No. 13-CV-322-LM, 2014 U.S. Dist. LEXIS 167941, 2014 WL 6883086, at *1 (D.N.H. Dec. 4, 2014).  Post-judgment motions in that case were denied.

### **Claims**

Liberally construed, the instant (second) § 2254 petition (Doc. No. 1) and its addendum (Doc. No. 7) assert the following claims as grounds for relief under § 2254[2]:

>    1.   Prosecutor Michael Zaino engaged in prosecutorial misconduct, in violation of Rogers's Fourteenth Amendment right to due process, by not providing Rogers with a copy of the recording of the one-party intercept call, despite being ordered to do so by Judge Barbadoro on November 16, 2009 in the Federal Prosecution.

---

[2]Rogers asserts additional claims for relief in the instant § 2254 petition that are generally not available in § 2254 actions, including a claim for damages to compensate Rogers for alleged prosecutorial misconduct, and a conditions of confinement claim seeking injunctive relief, relating to Rogers's transfer to the Northern New Hampshire Correctional Facility in Berlin.  This court expresses no opinion regarding whether such claims for damages and injunctive relief could proceed in a separate action filed under 42 U.S.C. § 1983.

2. The trial court's November 17, 2009 order in the State Criminal Case denying Rogers access to the recording of the one-party intercept call violated Rogers's Fourteenth Amendment right to due process.

3. Prosecutor Michael Zaino engaged in prosecutorial misconduct, in violation of Rogers's Fourteenth Amendment right to due process: (a) by causing Bobby Pickett to "run off" to Arkansas; and (b) by causing evidence to "vanish."

4. Prosecutor Michael Zaino engaged in prosecutorial misconduct, in violation of Rogers's Fourteenth Amendment right to due process, by arguing during sentencing in Rogers's state case that soon-to-be dismissed federal charges should be used to enhance Rogers's state sentence.

5. BPD Officer Michael Griswold searched Rogers's apartment and recovered evidence without a valid, signed warrant, in violation of Rogers's Fourth Amendment rights.

6. BPD Officer Griswold made false statements in the affidavit used to obtain the search warrant, in violation of Rogers's Fourteenth Amendment right to due process.

7. Rogers's burglary conviction is not supported by the evidence before the jury, in violation of Rogers's Fourteenth Amendment right to due process.

8. Rogers did not testify in the State Criminal Case, but asserts now that he did not enter the hotel building to take the televisions, such that his continuing incarceration for a burglary conviction violates Rogers's Fourteenth Amendment right to due process.

9. Rogers's dual convictions for receiving stolen televisions and for theft are logically inconsistent, in violation of Rogers's Fourteenth Amendment right to due process.

10. Rogers's counsel during plea negotiations, Attorney Biletch, did not provide effective assistance of counsel in the State Criminal Case, in violation of Rogers's Sixth Amendment rights, as she did not accept a plea offer of 3 to 8 years that Rogers had instructed her to accept with the proviso that she try to reduce the sentence maximum.

11. Rogers's sentence is disproportionate to the crime and to the sentences of Michael Grenon and others who perpetrated more heinous crimes, in violation of Rogers's Eighth Amendment right not to be subjected to cruel and unusual punishment.

## Discussion

### I. Second or Successive Petition

The instant petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA restricts this court's jurisdiction to consider the merits of claims asserted in successive petitions for federal habeas relief. This petition is successive to the prior petition upon which summary judgment was granted in 2014. If a prisoner wishes to file a "second or successive" habeas petition, such as the instant petition, he must follow certain procedures before this court can consider his claims, pursuant to 28 U.S.C. § 2244(b). AEDPA requires approval of the federal court of appeals before a second or successive habeas corpus petition, as defined by that statute, may be filed in a federal district court, even if the petition raises new factual or legal grounds for relief. 28 U.S.C. § 2244(b)(2); see also Burton v. Stewart, 549 U.S. 147, 152-53 (2007). AEDPA strips the district court of jurisdiction over such a petition unless and until the federal court of appeals has decreed that it may go forward. See Magwood v. Patterson, 561 U.S. 320, 330-31 (2010) ("If an

application is 'second or successive,' the petitioner must obtain leave from the court of appeals before filing it with the district court." (citing 28 U.S.C. § 2244(b)(3)(A)). A habeas petition filed in the district court without the requisite authorization from the appellate court is subject to dismissal. See Magwood, 561 U.S. at 331.

Because Rogers has neither sought nor obtained the required authorization from the First Circuit to file this successive petition, this court lacks jurisdiction to consider it. Accordingly, the district judge should dismiss this petition, for lack of jurisdiction, as a successive § 2254 petition filed before Rogers obtained First Circuit authorization, pursuant to 28 U.S.C. § 2244(b)(3)(A).[3]

### III. **Certificate of Appealability**

The Rules Governing Section 2254 Proceedings ("§ 2254 Rules") require the court to "issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the party." § 2254 Rule 11(a). Here, the grounds for dismissal are purely procedural, and not substantive.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would

---

[3] Rogers is free to apply in the First Circuit for permission to refile a similar, successive § 2254 petition in this court, pursuant to 28 U.S.C. § 2244(b)(3)(A) and First Circuit Local Rule 22.1.

11

>  find it debatable whether the petition states a valid claim
>  of the denial of a constitutional right and that jurists of
>  reason would find it debatable whether the district court
>  was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Reasonable jurists would not find it debatable that the instant petition is an unauthorized "second or successive" petition that is subject to dismissal. Accordingly, the district judge should decline to issue a certificate of appealability in this case.

## Conclusion

For the foregoing reasons, the district judge should dismiss the petition for lack of subject matter jurisdiction, and decline to issue a certificate of appealability. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 16, 2016

cc: Scott Rogers, pro se